## White v. Townsend, et al.

(Decided March 3, 1911.)

### Appeal from Powell Circuit Court.

1. Passway.—Plaintiff sued defendant to enjoin him from closing a certain passway. He pleaded his right to use the passway as appurtenant to a tract of land which he claimed to own, and also on the ground that the passway was a public one. Held, that his failure to show title to the land was not sufficient to defeat his action. If, as a matter of fact, a public passway existed between the points claimed, plaintiff as a part of the traveling public was entitled to the relief sought. This question was submitted to the jury by proper instructions, and we can not say that its finding is flagrantly against the evidence.

2. Counterclaim—Failure of Proof.—As there was no proof to sustain defendant's counterclaim for timber alleged to have been cut and removed by plaintiff from defendant's land, the court did not err in refusing to submit this question to the jury.

3. Judgment—Effect Of.—As the only question submitted to the jury was whether or not a public passway existed, the judgment is conclusive of that question alone. Plaintiff's right to use the passway confers upon him no right to cut timber from any land which defendant may own. Should he attempt to do so the law affords defendant ample relief.

JOHN D. ATKINSON, KASH & KASH and HAZELRIGG & HAZELRIGG for appellant.

C. F. SPENCER for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiffs, William Townsend and Jesse Townsend, brought this action against defendants J. B. White and Kentucky Union Company, to restrain them from closing up a passway running down White's Branch across the land claimed by defendants to the public road leading down the middle fork of Red River. In their petition plaintiffs charged that they were owners of a certain tract of land and a large boundary of timber thereon, and the highway was necessary for the purpose of getting out the timber. They only pleaded their right to the passway as appurtenant to the land belonging to them, but also on the ground that it was a public passway, and the plaintiffs and the public had been continuously using the passway for more than fifteen years, as a matter of right and not by permission of the defendants or their grantors. The defendant, White, filed an answer and counterclaim, denying all the allegations of the petition. He admitted that plaintiffs owned a boundary of 200 acres of land, but pleaded title in himself to all the land lying on the waters of White's Branch and bounded on the north by the lands of the Kentucky Union Company, on the east and south by the lands of E. C. Chenault, and on the west by the ridges between White's Branch, Hood's Branch and the waters of the south fork of Red River, and including the lands upon which plaintiffs had cut the timber for ties referred to in the petition. He concluded with an allegation to the effect that plaintiffs were trespassers upon his boundary of land, and that they had cut therefrom timber of the value of $400.00. For this sum he asked judgment, and also for an order of injunction restraining plaintiffs from further entering his land and cutting and removing timber therefrom.

The only question submitted to the jury was whether or not there was a public passway between the points

claimed by the plaintiffs, and whether or not this passway had been continuously used by the traveling public, without interruption and as a matter of right, for as long as fifteen years prior to the date of the filing of the petition. The jury found for the plaintiffs. Thereupon defendants asked for a judgment notwithstanding the verdict. This motion was overruled. Judgment on the verdict was then entered for the plaintiffs, and the defendants, J. B. White, appeals.

It is earnestly insisted by appellant that it was the court's duty to submit to the jury the question of appellee's title, as well as the title of appellant; and inasmuch as the only right appellees had to the passway was to remove the timber in question and as the burden was on appellees to show their right to the timber, appellees failed to make out their case. In this connection it is insisted that the effect of the judgment is to permit appellees to use a passway through appellant's lands for the purpose of enabling them to cut and carry away appellant's timber. While it is true that appellees claimed the passway as appurtenant to their land, they also claimed the passway on the ground that it was a public passway and they had the right to use it along with the traveling public. If a public passway existed then appellees as a part of the public had the right to use it. This question was properly submitted to the jury, and, being unable to say that the finding of the jury is flagrantly against the evidence, we see no reason for disturbing the verdict.

We have carefully read appellant's evidence relating to his alleged counter-claim, and nowhere in the record can we find any proof tending to show that appellees cut any timber from lands which appellant claims to own. Appellant testified that certain timber had been cut upon his lands several years before, but he did not know who did the cutting. As there was no evidence, therefore, to sustain appellant's counter-claim, the court did not err in refusing to submit this issue to the jury.

As appellees were entitled to use the public passway, if there was one, without regard to their own title or the title of appellant, and as the question of passway was the only one submitted to the jury, it follows that the judgment is conclusive of the question alone. Appellees' right to use this passway confers upon them no right to cut and take away timber from appellant's land; should appellees attempt to do so, the law affords appellant ample remedy.

Judgment affirmed.